## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cr-00031-TWP-VTW-5 |
| | ) | |
| YOEL PALENZUELA-MENDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON DEFENDANT'S MOTION FOR RETURN OF PROPERTY AND GOVERNMENT'S CROSS-MOTION FOR TURNOVER OF SEIZED PROPERTY

This matter is before the Court on *pro se* Defendant Yoel Palenzuela-Mendez's ("Mendez") Motion for Return of Property (Dkt. 891) and the Government's Cross-Motion of the United States for Turnover of Seized Funds and for Disbursement by Clerk of Court (Dkt. 897). Mendez's motion will be treated as a motion under Federal Rule of Criminal Procedure Rule 41(g). For reasons stated below, Mendez's Motion is **granted in part and denied in part** and the Government's Cross-Motion is **granted**.

### I. FACTUAL BACKGROUND

On December 9, 2015, Mendez entered a plea of guilty to one count of possession of goods stolen from interstate commerce, in violation of 18 U.S.C. § 659 (Count 21); one count of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314 (Count 22); and one count of conspiracy, in violation of 18 U.S.C. § 371 (Count 23) (Dkt. 307). On April 29, 2016, he was sentenced to 60 months' imprisonment, three years supervised release, and a $300.00 Special Assessment fee (Dkt. 399).

On August 14, 2018, Mendez filed Motion for Return of Property in which he asks the Court "to send my propertys [sic] that where [sic] taken from me the day of my arrest 2015 my

wallet ID's [sic] social security work permit and my credit cards". (Dkt. 891.) He also requests "the money that was in my wallet to be deposit [sic] on my account of D. Ray James Correctional Facility." *Id.* According to the Government, along with his personal property items, $676.00 was seized from Mendez at the time of his arrest. As of September 28, 2018, Mendez owed a balance of $75.00 toward his Special Assessment fee. In their cross-motion, the Government asks that $75.00 be applied to Mendez's Special Assessment fee balance and the remaining $601.00 be used to reimburse the costs of Mendez's court appointed counsel. Mendez was granted until October 31, 2018 to respond or otherwise object to the Government's Cross-Motion (Dkt. 899), but no response or objection has been filed.

## II. **LEGAL STANDARD**

A person aggrieved… by the deprivation of property may move for the property's return. *See* Federal Rule of Criminal Procedure Rule 41(g). The motion must be filed in the district where the property was seized, and the court must receive evidence on any factual issue necessary to decide the motion. *Id.* A Rule 41(g) motion will be treated as a civil equitable proceeding for the return of the property in question. *United States v. Solis*, 108 F.3d 722, 722 (7th Cir. 1997). As a motion in equity, the district court is to "determine all the equitable considerations in order to make a fair and just decision." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). A federal prisoner, may use Rule 41(g) to recover his property that the government no longer needs. *See United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007). A Rule 41(g) motion may be brought after the defendant's conviction, as well as before, as an ancillary proceeding to the criminal case. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

## III. DISCUSSION

The Government contends that Mendez's Rule 41(g) motion should be denied in part, because the Government has legitimate reasons to retain the cash that was seized. The Government explains that a lien arises in favor of the United States on all property and rights to property of the person fined, upon entry of judgment, pursuant to Title 18, United States Code § 3613. Accordingly, the cash seized from Mendez is subject to a lien to satisfy the outstanding Special Assessment fee and may be properly turned over to the Clerk's Office to satisfy that obligation. *See also United States v. Sawyer,* 521 F.3d 792, 795 (7th Cir. 2008). The Court agrees and orders that the $75.00 balance owed on the Special Assessment fee should be paid from Mendez's property.

Next, the Government argues the remaining $601.00 should be used to reimburse the costs of Mendez's court appointed counsel pursuant to 18 U.S.C. § 3006A(f). Specifically, 18 U.S.C. § 3006A(f) provides that "whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid" to the attorney or organization that provided the legal services "or to the court for the deposit in the Treasury as a reimbursement" for the expense of furnishing counsel. *United States v. Standiford*, 148 F.3d 864, 870 (7th Cir. 1998). Reimbursement of costs of court-appointed counsel under the Criminal Justice Act ("CJA") is a matter within the discretion of the District Court. *United States v. Embry,* 128 F.3d 584, 585 (7th Cir. 1997).

To determine whether the funds at issue are "available" for payment within the meaning of § 3006A(f), a court should consider whether repayment would impose extreme hardship on the defendant, interfere with his family obligations, and whether third parties have claims to the funds.

3

*United States v. McGiffen*, 267 F.3d 581, 589 (7th Cir. 2001). In making this inquiry, a Court is not required to hold an evidentiary hearing on the "availability" of the funds before ordering that funds seized from a defendant upon his arrest may be ordered to reimburse defense costs. *Embry*, 128 F.3d at 586. The Government argues that Mendez should have been aware at the time he requested counsel that the Government might properly seek to recover the cost of providing him with counsel at a later date. *Bracewell*, 569 F.2d at 1197. They further contend that Mendez has not provided any justification that failure of the funds being returned to him would be a hardship, affect his family, or that third-parties may have a claim to the funds.

The Court notes that Mendez has not objected or otherwise responded to the Government's Cross-Motion. Mendez is in the custody of the Bureau of Prisons and the personal expenses of a prisoner are minimal. The amount sought for deposit under requested § 3006A--$601.00-- is relatively small and no third-parties have made a claim for the funds. Mendez has not presented any information to show the funds are needed for familial responsibilities or that he would suffer extreme hardship because of being deprived of the funds. Accordingly, the Court grants the Cross-Motion with respect to reimbursement of the costs of appointed counsel.

Mendez is entitled to return of the remaining property which includes his wallet, ID card, Social Security work permit, and credit cards. The Government has no objection to returning these items, to Mendez at the completion of the entire case and appeals, as requested to: 1055 West 77th Street, Hialeah, Florida 33014.

### IV. CONCLUSION

For the reasons stated above, *pro se* Defendant Yoel Palenzuela-Mendez's Motion for Return of Property (Dkt. 891) is **GRANTED in part and DENIED in part.** It is **granted** in that

Mendez's wallet, identification, Social Security work permit, and credit cards shall be returned upon completion of the entire case and appeals. It is **denied** as to the return of any currency.

The United States' Cross-Motion for Turnover of Seized Funds and for Disbursement by Clerk of Court (Dkt. 897) is **GRANTED**. The Court **ORDERS** as follows: The Federal Bureau of Investigations is directed to convert United States Currency in the total sum of $75.00 into a check or money order made payable to the Clerk of the United States District Court, Southern District of Indiana, Indianapolis Division, and to deliver the check to the Clerk at 46 East Ohio Street, Room 105, Indianapolis, Indiana, 46204. The Clerk shall apply the $75.00 to Mendez's outstanding balance under the Judgment entered in this action. The FBI is directed to deposit the balance of the funds, $601.00, with the Clerk of the Court as reimbursement for CJA attorney costs expended for the representation of Mendez in his criminal prosecution.

**SO ORDERED.**

Date: 11/26/2018

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Yoel Palenzuela-Mendez, #12731028
D. Ray James Correctional Facility
P.O. Box 2000
Folkston, Georgia 31537

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warren2@usdoj.gov

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov

Finance Deputy Clerk